**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51073
Summary Calendar

SAMUEL A. GURROLA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CV-335-DB

Before JONES, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Samuel Gurrola appeals the denial of relief on his Federal Tort Claims Act (FTCA) action, in which he alleged claims of medical malpractice, invasion of privacy, failure to report an assault, and the provision of medical care without obtaining informed consent. He asserts that the Government wrongly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appropriated Gurrola's medical records and disseminated them to third parties. In the district court, he asked the court to stop the defendants from engaging in these activities, and the district court denied the motion. This request was in the nature of a request for an injunction, and the district court did not abuse its discretion in denying the motion. White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989). Gurrola is not entitled to relief on his contention that the district court wrongly concluded that he was authorized to receive medical care at an Army hospital.

Gurrola contends that the district court should have ordered the Government to turn over a document to him. The district court did not abuse its discretion in denying the discovery request. See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000).

Gurrola contends that the district court erred in dismissing his malpractice claims as barred by the applicable two-year limitations period. He has not established that the district court erred in dismissing his claims on these grounds. See MacMillan v. United States, 46 F.3d 377, 381 (5th Cir. 1995); Shanbaum v. United States, 32 F.3d 180, 182 (5th Cir. 1994). To the extent that Gurrola's motion for protective order and response to the defendants' motion for a summary judgment included an implicit motion to amend his complaint to add other theories of malpractice and other instances of assault and wrongdoing on behalf of the Government, he has not shown that the district court abused

2

its discretion in its implicit denial of those motions. See <u>Parish v. Frazier</u>, 195 F.3d 761, 764 (5th Cir. 1999).

Gurrola contends that officers of the Government invaded his privacy by conducting an illegal search and seizure, which resulted in the removal of blood samples and a psychological diagnosis of Gurrola. This is a new theory of relief raised for the first time on appeal, and this court will not consider it. See <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999).

Gurrola asserts that the doctors who treated him had a duty under Texas law to inform the appropriate authorities of assaults that Gurrola had suffered. Texas state law does not authorize a cause of action by the victim of such an assault against the medical care providers, and the claim is therefore not cognizable under the FTCA. See TEX. HEALTH & SAFETY CODE ANN. § 161.132; <u>Sanchez v. Rowe</u>, 870 F.2d 291, 295 (5th Cir. 1989).

Gurrola contends that the doctors who diagnosed his psychological condition were required to advise him of the risks involved in such medical care. Because he has not established a physician/patient relationship with those doctors, the district court did not err in granting summary judgment. See <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1273 (5th Cir. 1992); TEX. CIV. PRAC. & REM. CODE §§ 74.001(a)(19), 74.101; <u>Salas v. Gamboa</u>, 760 S.W.2d 838, 840 n.1 (Tex. App. 1988).

3

Gurrola asserts that the district court erred in not properly amending the caption of the case. This assertion is frivolous, and Gurrola has not established that he is entitled to relief on this ground. The judgment of the district court is thus AFFIRMED.

Gurrola has also moved to depose a government employee or alternatively requests the court to compel the witness to submit an affidavit. This motion is DENIED.

**AFFIRMED; MOTION DENIED**.