HUGH O'DONNELL *vs.* WILLIAM WHITE, Trustee, *et al.*      18 659
23 20

Where the grantee of an estate pays a part of the purchase money, no trust results to one who pays the residue as a general contribution towards the purchase merely, and not for a definite portion of the estate.

A married woman purchased real estate which was conveyed to her. The greater part of the purchase money was furnished to her by her mother, the balance being money which had been earned in about equal parts by herself and her husband although it was deposited in savings banks in the husband's name. The husband had little to do in the transaction, being opposed to the purchase though afterwards assenting to it. The wife always had possession of the deed, and the practical control of the estate, the husband making no claim to the estate until after he and his wife had separated.

*Held,* that no trust resulted to the husband in any portion of the estate.

BILL IN EQUITY to establish a trust. Heard on pleadings and proofs.

*July* 21, 1894. TILLINGHAST, J. We do not think the complainant has succeeded in making out a case of resulting trust. The bill rests upon the allegations that the complainant, having accumulated by his own industry upwards of $1500, purchased the estate in question in September, 1866, for the sum of $1500, the whole of said consideration being paid by him, and no part thereof being furnished by his wife; that he took the deed thereof in the name of his wife, Catharine O'Donnell, one of the respondents, for the reason that he was advised by the town clerk of Warwick that he, not being a citizen of the United States, could not take the deed in his own name; and that she was to hold said estate in trust and confidence for him.

We think the proof shows, however, that said estate was purchased by and conveyed to Mrs. O'Donnell, with the assistance of her mother, Mrs. McQuade, the complainant having but little to do with said transaction and being opposed to the making of the same, although he finally assented thereto, and that the greater part of the purchase money was furnished to Mrs. O'Donnell by Mrs. McQuade, and that the balance thereof was money which had been earned by the joint labor of complainant and his wife (fully one half of said money being hers) but which was deposited in various

savings banks in his name. It also shows that several other estates subsequently owned by the complainant were purchased with the joint moneys of Mr. and Mrs. O'Donnell together with money borrowed from Mrs. McQuade, and the deeds thereof taken in *his* name. The proof also shows that Mrs. O'Donnell has always had the deed, as well as the practical control of the estate in question; and that the complainant never claimed it to be his until after the separation between him and his wife took place; that in 1886 the complainant filed a similar bill to the one now before us, upon which, after hearing, a petition for an injunction to restrain the respondents therein from certain dealings with said estate, was denied, and that said bill was afterwards abandoned by the complainant. But for the purposes of this case as it now stands, it is enough to say that so long as the complainant only paid a part of the purchase money for said estate, about which there is practically no dispute, no resulting trust can arise in any event as to the estate as a whole. For it is well settled that where one furnishes only a part of the amount paid, no trust arises, unless his part is some definite portion of the whole, and is paid for some aliquot part thereof. And "there must be no uncertainty as to the proportion of the property to which the trust extends." *Olcott* v. *Bynum*, 17 Wall. 44. In other words, when the person to whom the conveyance is made pays a part of the purchase money, no trust results to any one who pays the residue, unless, as said by Hoar, J., in *McGowan* v. *McGowan*, 14 Gray, 119, "the part of the purchase money paid by him in whose favor the resulting trust is sought to be enforced, . . . . be shown to have been paid for some specific part, or distinct interest in the estate," and "that a general contribution of a sum of money towards the entire purchase is not sufficient." See also *Wheeler* v. *Kirtland*, 23 N. J. Eq. 13, 22; *Robles* v. *Clarke*, 25 Cal. 317, 326; *Sayre* v. *Towsend*, 15 Wend. 47; *White* v. *Carpenter*, 2 Paige, 217, 241; *Baker* v. *Vining*, 30 Me. 121; *Buck* v. *Swazey*, 35 Me. 41; 2 Pom. Eq. Juris. §§ 1033–1037; 1 Perry on Trusts, § 132, and cases cited in note 1; *Aborn* v.

*Searles, ante,* p. 357. There is therefore no occasion to consider particularly the question of laches, the effect of the dismissal of the former bill, or the effect of the decree in the divorce proceedings, all of which are set up in the answer, as it is very clear that no case is made out on the merits. Bill dismissed.

*Charles E. Gorman & James T. Egan,* for complainant.

*James Tillinghast,* for respondents.