WALTER GOODING *et als vs.* BROADWAY BAPTIST CHURCH *et al.*

JUNE 26, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This bill in equity is brought to restrain the respondents from selling a certain lot of land and the building thereon situated on Hartford avenue in the city of Providence, and from interfering with the use of said building by the complainants and others who may desire to use it for religious services. The cause was heard upon bill, answer, issues of fact and proof. Final decree was entered granting the relief prayed for. The respondents have brought the cause to this court by their appeal and allege as reasons therefor that the decree is against the law and the evidence and the weight thereof.

The bill alleges that October 5, 1905, the respondent Church took legal title to the property known as the Hartford Avenue Baptist Chapel as a gift, to hold the same for the purpose of allowing the attendants at said chapel to conduct religious instruction and services therein and main-

tain a Sunday school, and not for its own use. The bill further alleges that March 31, 1921, the chapel was found closed with a sign on it stating that it had been closed by order of the Broadway Baptist Church; that since then the complainants have been unable to use the chapel for religious services and that the respondent Church intends to sell said chapel and use the proceeds of the sale for its own purposes.

The complainants pray that the respondent Church may be declared to hold said property as trustee for the complainants and others who may wish to use the same for religious services and the conducting of a Sunday school and that the respondents may be restrained from interfering with such use of said chapel by the complainants and others.

The respondent Church denies that it holds said property in trust for the benefit of the complainants, and avers that it took title to said land and constructed said chapel thereon as a mission and in furtherance of its religious work; and that the use and control of said chapel has always been subject to its control and direction.

The trial justice said in his rescript that he "believes that the complainants have established their contention that the property was deeded to the Broadway Baptist Church upon trust to conduct religious services in it, for the benefit of the neighborhood, so long as that could be done effectively."

The question is whether a resulting trust is to be imposed upon the property for the benefit of the complainants?

It appears in evidence that the Broadway Baptist Church was organized May 11, 1865, and was incorporated by the General Assembly at its May session, 1869. The Church prospered and in addition to maintaining a large Sunday school in its own Church it maintained one at Dyer avenue and another at Belknap district. It published a monthly magazine called "Home Chimes," which has been introduced in evidence by the complainants. In the June number, 1904, of said magazine appears the record of attendance at these three Sunday schools and the announcement is made that the Hartford Avenue Baptist Sunday School was

opened May 1, 1904. In the February and March numbers, 1906, of said magazine appears the statement that the Hartford Avenue Baptist Sunday School was started May 1, 1904, as a result of the labors of the "Broadway Prayer Circle," which had been holding cottage meetings for some months in the district. It was also stated that on account of the building being inadequate it was decided that the best thing to do was to build a new chapel. The matter was laid before the prudential committee of the home Church. After discussing many plans it was finally decided that the only way was for the Church to assume the financial obligations and become responsible for the success of the enterprise. The opening services of the new chapel were held December 31, 1905. The sermon was preached by Rev. J. V. Osterhout, pastor of the Broadway Baptist Church. The lot which cost $400 had been paid for, but as there were no funds on hand for the purpose, money with which to put up the building at a cost of about $1,900 had to be borrowed.

October 5, 1905, the respondent Church acquired title in fee simple to the land in question by warranty deed. November 2, 1905, said Church executed a mortgage upon said land to the Rhode Island Baptist State Convention to secure its promissory note for $1,200 payable one year after date with interest. The note was reduced from time to time by partial payments and was finally paid and the mortgage cancelled August 1, 1921.

The chapel was erected upon the land in the latter part of 1905 mainly through the efforts of the Rev. Mr. Osterhout, who was, at that time, the pastor of the Broadway Baptist Church. Voluntary subscriptions to help defray the cost of the land and building were received from persons interested in the success of the project.

The respondent Church appointed a building committee to have charge of the Hartford Avenue Chapel and at the annual meetings of the Church held in January 1906 and 1907 the committee made verbal reports and January 13, 1908, a written report of the committee was received and

placed on file with other matters relating to the chapel. The respondent Church elected the superintendent for the chapel Sunday school and he and its treasurer made reports to the Church. In the issues of said magazine appears the record of the attendance at the Hartford Avenue Baptist Sunday school in connection with the attendance of the other Sunday schools conducted by the Church. Walter L. Clarke, who has been a member of the Broadway Baptist Church for many years, and has held several offices therein, testified that Hartford avenue seemed a very promising field in which to establish a branch or mission for the Church and that their pastor, Rev. Mr. Osterhout, was especially interested in it. The work was to be continued as long as it was a profitable field, and after it was reported that the attendance was decreasing, and there was a lack of workers, it seemed to the Church, after considering the matter very carefully that the chapel had ceased to function according to the original plans, and it was voted to close the chapel and dispose of the property. From the evidence in the cause there can be no doubt that the institution of the Hartford Avenue Baptist Chapel and Sunday school was the result of the activity of the Broadway Baptist Church and always under its control and direction. Only one of the complainants claims to have been a member of the Broadway Baptist Church and he is not such now. The other complainants are not Baptists but are members of other sects. They seek to impose a trust upon the chapel property owned by the Broadway Baptist Church.

A trust is where property is conferred upon and accepted by one person on the terms of holding, using or disposing of it for the benefit of another. *Mannix, Assignee* v. *Purcell et al.*, 46 O. St. 102 at p. 139. The evidence to suport the claim of a resulting trust must be full, clear and satisfactory. *Reynolds* v. *Blaisdell*, 23 R. I. 16; *Hudson* v. *White*, 17 R. I. 519. Where a person furnishes only a part of the money paid no resulting trust arises unless his part is some definite portion of the same and is paid for some aliquot part thereof.

**110**

A general contribution towards the entire sum is not sufficient.  *O'Donnell* v. *White*, 18 R. I. 659.

A resulting trust arises by operation of law the instant the estate passes and is not subject to change afterwards by any mere oral declaration.  *Watson* v. *Thompson*, 12 R. I. 466.

The testimony does not show that any trust or limitation was imposed upon the Church at the time that it took title to the land.  The testimony shows that the Church raised $1,200 by its note with which to construct said chapel; that it was constructed under the direction of a committee appointed by the Church, and that the services conducted in it have always been subject to the control and direction of said Church.  All of the contributions were made without any restrictions as to how they should be used and were not made for a definite and specific trust.  No trust being imposed upon the property when purchased or given, the court will not imply one for the purpose of compelling the Church to permit the use of it by persons who are not members of the Church.  It is clear that the trial justice erred in his inference from the evidence that the respondent Church holds said property in trust for the benefit of the complainants and others.

The respondents' appeal is sustained; the decree appealed from is reversed; and the cause is remanded to the Superior Court with direction to enter a decree dismissing the bill of complaint with costs.

*Waterman & Greenlaw, Charles E. Tilley,* for complainant.
*Benjamin W. Grim,* for respondent.