PEOPLES SAVINGS BANK IN PROVIDENCE *vs.* GEORGE H. STAPLES *et al.*

MARCH 3, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.   This is a bill of interpleader brought by the Peoples Savings Bank in Providence to determine the ownership of a deposit in said bank amounting on January 1, 1923, to $1,512.35, and two Liberty Bonds of the par value of $100 each.

The bonds were deposited for safe keeping with the complainant by Maude B. Staples who also made the deposits of money constituting the bank account in question.   The account was opened in 1916 by a deposit of $100 by said Maude B. Staples and a bank book representing the account was issued in her name.   From the time the first deposit was made until her death Maude B. Staples lived with and cared for the home of the respondent Albert D. Harrison who, according to his testimony, purchased said bonds and delivered them to her to be deposited with said bank for safe keeping.   He also testified that each week he delivered his wages to her with the understanding that she would use the money for the payment of the current expenses for their support and deposit any balance in a bank in both of their names in a joint account payable to either or to the survivor, and that she, from time to time, told him that his savings were being deposited by her in accordance with this understanding.   During all of the time that she was living with the respondent Harrison, Maude B. Staples was the legal wife of respondent George H. Staples.   After the death of Maude B. Staples her husband, George H. Staples, was appointed administrator of her estate.   As such administrator he demanded from the complainant the bonds and bank account in question.   Respondent Harrison notified the complainant that he claimed as his own property said bonds and bank account and forbade the bank to deliver either the bonds or bank account to respondent George H.

Staples. Thereupon the complainant brought this bill of complaint praying that said respondents be required to interplead and that the court determine which of said respondents is entitled to the property in dispute. Each of said parties filed an answer claiming said property and after issues were framed the cause was heard by a justice of the Superior Court whose findings supported the contention of respondent Harrison, except as to the first deposit in the said bank. Said justice found that the $100 deposited when the account was opened was the money of Maude B. Staples and not money of respondent Harrison. A decree was entered by said justice directing that said bonds and bank account, excepting $100 representing said first deposit and accrued interest thereon, be delivered to respondent Harrison and that said $100 and accrued interest be paid to respondent Frank L. Staples, administrator d. b. n. of the estate of Maude B. Staples. The administrator of said estate deceased after this action was commenced and the administrator d. b. n. entered his appearance and took upon himself the defence of. this action.

The case is before us on the appeal of the administrator d. b. n. who argues that, even although Harrison may have shown title in himself to the bonds, he has not presented such full, clear and satisfactory evidence as is required to establish a resulting trust in his favor upon any part of the bank account. (See *Reynolds* v. *Blaisdell*, 23 R. I. 16; *Hudson* v. *White*, 17 R. I. 519.)

Said justice in his rescript states that: "While the testimony is somewhat conflicting yet we are unable to see how the great bulk of the money could have come from anybody but the respondent Harrison." We think that the testimony warrants the finding of said justice that the bonds are the property of respondent Harrison and that all of the money deposited in said account, except $100 which represents the first deposit, was received by Maude B. Staples from respondent Harrison and that it was the understanding between Harrison and his housekeeper that the former should

retain a beneficial interest in the money which she received from him but deposited in her own name.

The appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Herbert Almy*, for complainant.
*McKenna & Boudreau*, for respondent Harrison.
*Simon S. Lapham*, for respondent Staples.