SANTO J. CUTRONEO *et al. vs.* ROSARIA CUTRONEO *et al.*

AUGUST 6, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This bill in equity was brought to have a trust impressed upon certain leasehold property in the city of Providence in this state. After a hearing in the superior court on amended bill, answer and proof a decree was entered in accordance with the trial justice's decision denying and dismissing the bill of complaint. From that decree complainants have prosecuted their appeal to this court.

The complainants are Santo J. Cutroneo and Emanuele Cutroneo, two sons of Concetta and Augostino Cutroneo late of Providence deceased. The respondents are all the other children of such parents. However, the bill originally and as amended is directed principally against Rosaria Cutroneo Martucci and Giuseppina Cutroneo, who are sisters of complainants and hereinafter will be referred to as the respondents.

The property, in which a trust is claimed in favor of complainants and all of said respondents in equal shares, consists of a long-term lease of a certain lot of land with two tenement houses thereon located at 73, 75 and 75½ Harrison street in said Providence. Such leasehold property was purchased on August 25, 1934 for $3,500 by payments of $100 and $526.59 in cash and the execution of a note and mortgage for the balance of $2,900. The additional $26.59 represented an adjustment of accrued charges.

The complainants allege and in general testified that the property was purchased in 1934 by their mother solely out of money belonging to her; that title was taken in the name of respondent Rosaria because of the mother's confidence in her and upon her express parol agreement that the beneficial interest and control of the property was to remain exclusively in the mother; that the mother alone managed the property, collected the rents, paid for repairs, taxes and other capital and interest payments; and that respond-

ents made no contribution toward the purchase price, had no rights therein at the time, and later had acknowledged the mother's exclusive ownership of the beneficial interest in the property.

It is further alleged by complainants that until the marriage of Rosaria in 1949 the household comprised the mother, father and the two respondents; that throughout the period of the mother's life the net rentals of the buildings, exclusive of their own tenement, were sufficient to pay the carrying charges of the property and mortgage; that Rosaria and Giuseppina merely paid $5 and $8 respectively per week for their board and room; that Rosaria conveyed the property to herself and her sister Giuseppina as joint tenants; and that Rosaria just prior to her marriage conveyed her entire interest to Giuseppina, who is still single and holds the record title.

It is contended that on the deaths of the mother and father intestate the beneficial title to the property descended under the law in equal shares to all the children of Concetta and Augostino Cutroneo; that the respondents have refused to recognize complainants' interests and though requested have refused to make suitable conveyance thereof to complainants.

On the other hand Rosaria and Giuseppina testified that in 1934 their mother and father had lost by mortgage foreclosure sale certain property located on Grove street in Providence because in the depression period the tenants had not paid their rents for the greater portion of a year or more; that they also were forced to sell another house on Almy street for a similar reason; that the father, having then been retired since 1920, was without work or income; and that their mother and father had no money to purchase and did not purchase the property in question. They further testified that they were working and out of their own money purchased an assignment of the leasehold interest on a down payment of $100, plus $526.59 in cash when the conveyance was made, and that because Giuseppina was

in business Rosaria took the title and executed a mortgage and note for the balance of $2,900; and that they paid all the taxes, repairs, ground rent, insurance, mortgage principal and interest, and exhibited receipts in their names to corroborate their statements.

They also testified that complainants were married at the time; that they were not living at home with the father and mother and were not present at the making or closing of the above-mentioned transaction; that between 1934 and 1950, because they were married, they were not able to and did not make any contribution toward the support of their mother or father; and that they did not contribute directly towards payment of the bills for the funerals of the father and mother, all of which were paid by respondents in addition to their support of the home while the parents were living. Their testimony was corroborated in certain respects by other members of the family and it appeared that much of the important testimony of complainants was not direct but hearsay or conclusions.

The trial justice found in substance that at the time of the conveyance there was no parol agreement made by Rosaria as alleged in the bill of complaint. He further refused to give credit as a will or conveyance to a mimeographed, unsigned and undated statement which was drawn by a third person and purported to represent the mother's desire in connection with a disposition of the property. After considering all the conflicting evidence he concluded that complainants had not clearly established grounds for impressing a trust upon the property in accordance with the allegations and prayer of the bill.

Under their reasons of appeal the complainants contend that the decree is against the law; that the decision is clearly wrong because it is contrary to the evidence and the weight thereof; and that the trial justice erred in denying their motion to include in the bill of complaint an allegation of an alleged agreement of compromise that was made during the trial.

In the instant cause complainants rely on their claim of a resulting trust. They concede in argument that such a trust must be established by clear, full and convincing evidence. *Angell* v. *Angell,* 64 R. I. 264; *Larocque* v. *Larocque,* 74 R. I. 72; *Hussey* v. *Hussey,* 76 R. I. 185. Nor is it disputed that a mere general contribution toward the purchase price by itself will not establish such a resulting trust. There must be clear, full and convincing evidence that *at the time of the conveyance* it was the intention and understanding that the contributor was to have the beneficial ownership in the whole or in a definite fractional part. See *O'Donnell* v. *White,* 18 R. I. 659; *Paulson* v. *Paulson,* 50 R. I. 86; *Angell* v. *Angell, supra.* That is not the claim nor is it shown in the instant cause. From our examination of the rescript it appears that the trial justice did not misconceive the applicable law in that respect.

The principal argument of complainants is to the effect that the evidence clearly required a conclusion that the mother and Rosaria intended and agreed at the time of the transaction that the property was bought by and would belong exclusively to the mother. The trial justice found there was no specific understanding or agreement as alleged in the bill of complaint. The evidence in this respect is conflicting. The complainants' testimony in the important parts was not direct but was largely hearsay and quite general. According to the most favorable view of their evidence any possible contribution by the mother, whether as a loan, advancement or otherwise toward the purchase of the premises, could not amount to a total purchase out of her own funds as alleged. At best there is a general statement of a possible contribution of about $300, whereas the undisputed evidence shows payment of $626.59 in cash and a note and mortgage of $2,900, which was executed solely by Rosaria. The evidence for respondents showing the lack of funds available to the mother and father and the purchase, mortgage and payments by respondents who were working steadily, is more direct and reasonable.

Moreover, complainants strongly rely on the mimeographed, unsigned statement written by a third person which purports to contain the mother's understanding and wish concerning the property. It was not objected to by respondents, evidently because in large measure it is inconsistent with certain of the allegations of complainants' bill. Plainly the trial justice was correct in refusing to consider it as a valid conveyance or will. If it can be given any value as evidence, it supports generally the view of respondents and the present status of the title as being so intended. At any rate from a review of all the evidence, which was conflicting in some respects, we cannot say that the trial justice was clearly wrong in concluding that there was no agreement or understanding *at the time of the purchase* in 1934 requiring the imposition of a resulting trust in favor of the mother or father, and that on the facts as they existed at that time complainants had not clearly established a resulting trust as alleged.

The last contention of the complainants is that the trial justice erred in denying their motion to reopen the pleadings and allow them to amend by adding the allegation of a purported agreement of compromise. During the trial the representatives of the parties apparently at the suggestion of the court made an effort to conciliate the differences in the interest of harmony in the family. The parties never signed the proposed settlement agreement. In the circumstances negotiations by way of compromise and attempted settlement would not be a proper allegation or subject of evidence in proof of the bill to establish a resulting trust. We find no error in the trial justice's ruling on said motion.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John Quattrocchi, Jr.,* for complainants.

*Benjamin M. McLyman, Sigmund W. Fischer, Jr.,* for respondents.