**UNITED STATES of America**

v.

**Maria L. MURPHY, M.D.**

**No. 91–109–CR–FtM–17.**

United States District Court,
M.D. Florida,
Fort Myers Division.

April 12, 1994.

Robert P. Barclift, U.S. Attys. Office, Fort Myers, FL, for U.S.

Peter D. Ringsmuth, Ft. Myers, FL, for Joseph and David Murphy.

Roger L. Young, Sarasota, FL, for petitioners.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KOVACHEVICH, District Judge.

This cause comes before the Court on Petitioner's Motion to Adjudicate Interest in Property (Dkt. 50), and the Government's response (Dkt. 56).

## I. BACKGROUND

On April 1, 1992, the defendant, Maria L. Murphy, M.D. entered into a plea agreement with the United States Attorney's Office and pled guilty in this proceeding to one count of distribution of controlled substances by prescription, not in the usual course of medical practice and not for legitimate medical purposes in violation of 21 U.S.C. § 841(a)(1).

In her plea agreement, Dr. Murphy agreed to forfeit her interest in the subject real property. She is the sole title owner of the subject real property. The stipulated facts incorporated into Dr. Murphy's plea agreement in this proceeding set forth the activity by Dr. Murphy at the subject real property to which she pleaded guilty on April 1, 1992. On April 9, 1992, the Court entered a Preliminary Order of Forfeiture in this matter forfeiting all title and interest of the defendant, Maria L. Murphy, M.D. in the subject real property to the United States of America.

Pursuant to the Court's Order, Notice of Forfeiture appeared in *Fort Meyers News Press*, a newspaper of general circulation in Lee and Charlotte Counties, Florida, on May 6, 13, and 20, 1992. Notice and acknowledgement of the forfeiture proceeding was sent to Maria L. Murphy, M.D., both at her residence and in care of her attorney in this proceeding, Peter D. Ringsmuth, on August 21, 1992.

On or about September 16, 1992, Dr. Murphy's sons, Joseph C. Murphy and minor David Murphy, filed a petition to adjudicate interest in the subject real property. A hearing on such petition was held on January 26, 1993.

## II. DISCUSSION

Petitioners allege they have contributed to the purchase of the subject property from insurance proceeds and survivor Social Security payments they received as a result of the death of their father. The burden is on the Petitioners pursuant to 21 U.S.C. § 853(n) to establish by a preponderance of the evidence a recoverable interest in the property, and their innocence as to the activity committed by their mother which renders the property forfeitable.

Title to the subject residence is in Dr. Murphy's name alone. In her sworn claim filed in a companion civil forfeiture proceed-

ing, of which this Court takes judicial notice, Dr. Murphy represented to the Court that she is the sole owner of the subject residence.

Dr. Murphy's sons, Joseph C. Murphy and David Murphy, lack standing to contest the subject forfeiture, absent an expressed intent that they have a legal or beneficial interest in the subject property, or an implied beneficial interest under Florida law. In *United States v. Santoro*, 866 F.2d 1538, 1545 (4th Cir.1989), the Court held that children, whose father deeded his interest in the family home to their mother in conjunction with a separation agreement in lieu of paying child support, had standing to contest forfeiture of the home under the theory an expressed trust for their benefit was created under North Carolina law. However, in *United States v. One Parcel of Real Estate*, 768 F.Supp. 340 (S.D.Fla.1991), a wife attempted to prove standing to contest forfeiture of the family home which was titled exclusively in the name of her husband, a convicted drug trafficker. The Court stated in *One Parcel* at 346, "In Florida, neither a constructive trust nor a resulting trust arises in favor of a person who has paid no part of the purchase price, even though she has paid for improvements on the property," citing Florida state authority.[1] Future expectation of ownership by a child is insufficient to give a child standing to contest forfeiture.[2]

In the present case, Petitioners allege they contributed to the purchase of the subject property, utilizing employee death benefits, insurance proceeds, and survivor Social Security payments they allegedly received as a result of the death of their father. Petitioners rely on *United States v. One Single Family Residence*, 933 F.2d 976 (11th Cir. 1991) for the proposition that commingled assets are not subject to forfeiture unless shown that there is a traceable connection to an illegal transaction and controlled substances existed. However, that case is distinguishable on its facts. The case involved brothers who bought property and recorded the title in both names. One brother became criminally involved in drug smuggling activities and the property thus became subject to forfeiture by the United States under 21 U.S.C. § 881(a)(6). The sole issue before the Eleventh Circuit was whether a property owner who is aware that a co-owner has purchased and improved the real property with drug proceeds may qualify as an innocent owner whose interest in the property is exempt from forfeiture. The case was based upon the premise of joint ownership of property. At issue in the present case is not the question of innocent ownership of property held in joint tenancy, but of property held solely by Maria L. Murphy. Accordingly, the statutory "innocent owner" defense contained in 21 U.S.C. § 881(a)(6) is not available to petitioners.

Additionally, Dr. Murphy herself was the sole beneficiary of the employer death benefits and insurance proceeds. Though Joseph and David Murphy each received approximately $5,000 annually in Social Security death benefits, such monies were deposited into their mother's checking account along with her death benefits of a like amount and other significant sums of money which she earned in her medical practice. From this account, Dr. Murphy paid monthly mortgage payments and ultimately, in 1991, paid off the entire mortgage with a payment of some $22,900. However, Petitioners have brought forth nothing that establishes that the payments were made with Petitioners' money. The Court remains unconvinced that such payments were made with Petitioners' money. In so holding, the Court is mindful of the cost associated with raising children today.

Dr. Murphy testified it was her intent, and that of her late husband, that the death benefits and insurance proceeds benefit the children. However, on cross examination at the hearing on January 26, 1993, Dr. Murphy admitted she was unaware of the benefits

---

1. *Frambach v. Dunihue*, 419 So.2d 1115, 1117 (Fla. 5th DCA, 1982).

2. *United States v. One Parcel of Property*, 959 F.2d 101, 103–04 (8th Cir.1992); *United States v. One Rural Lot*, 739 F.Supp. 74, 78 (D.P.R.1990); *United States v. Parcel of Real Property*, 708 F.Supp. 698, 704 (W.D.Pa.1989).

until after her husband's death and never discussed such benefits with him.

In order to prevail under 21 U.S.C. § 853(n)(6), Petitioners must convince the Court by a preponderance of evidence, that they have a legal right, title, or interest in the property which was vested in them rather than Dr. Murphy, or was superior to any right, title, or interest of Dr. Murphy at the time of the commission of the acts which give rise to forfeiture. Petitioners have failed to carry their burden. The Court holds that Petitioners have no recoverable interest in the subject property. Accordingly, it is

**ORDERED** that the Petition to Adjudicate interest is **granted,** and the Court finds that Petitioners have **no interest** in the real property. A separate Final Order of Forfeiture will be entered.

**DONE and ORDERED.**