**UNITED STATES of America**

v.

**Aquiles NUNEZ.**

**Crim. No. 1:94CR78–01.**

United States District Court,
D. Vermont.

May 24, 1996.

David A. Cooper, Cooper & Sanchez, Providence, RI, for Petitioner.

John M. Conroy, Assistant United States Attorney, Burlington, VT, for Respondent.

## RULING ON MOTION TO STRIKE AND THIRD PARTY PETITIONS

MURTHA, Chief Judge.

During the course of his trial on criminal charges, defendant Aquiles Nunez agreed to forfeit his interest in property located at 1406–1408 Broad Street in Providence, Rhode Island (hereinafter "Broad Street"). Three of the defendant's relatives, Delba Nunez, Noris Duran, and Aris Arias (collectively referred to as "the petitioners") have filed petitions pursuant to 21 U.S.C. § 853(n)(2) in which they each claim an interest in the Broad Street property.

The Court conducted a hearing on the petitions on March 15, 1996 and April 9, 1996. Upon consideration of testimony presented at these hearings and the record before the Court, the Amended Petitions Requesting Adjudication of Third Party Interest in Broad Street (papers 157, 158 and 159) are DENIED, the Government's Motion to Strike the third party claims (paper 141) is GRANTED, and the Request to Disqualify Petitioners' Counsel (also paper 141) is DENIED as moot.

### I. Background

After hearing and upon review of the record, the Court finds the following. On April 21, 1995, a jury found defendant Aquiles Nunez guilty on Counts One through Five of a superseding indictment charging him with one count of conspiracy to distribute cocaine and four counts of distribution of cocaine. That morning, the Government and the defendant entered an agreement by which Mr. Nunez forfeited his interest in the Broad Street property. Aquiles Nunez is the sole record owner of the Broad Street property.

On July 25, 1995, the Court (Billings, J.) issued a preliminary order of forfeiture for Broad Street. On or about November 27, 1995, each petitioner filed a request for adjudication of her claim in the Broad Street property.

Delba Nunez is the defendant's common law wife and the mother of his two minor children. Noris Nunez is the defendant's sister, and Aris Arias is his niece.

Aquiles Nunez purchased Broad Street in May 1992 for $30,000 in cash. The record shows that Mr. Nunez personally had insufficient reported funds and probably used cash obtained through drug sales to make the purchase. After the purchase, Nunez obtained a mortgage, used the proceeds to renovate the dilapidated property, and began renting apartments to residential tenants.

Both prior to and after the purchase, Delba Nunez and Noris Duran, who had worked at a variety of jobs, signed over most of their paychecks to Aquiles Nunez, who, in turn, deposited the paychecks into his personal account. Between 1992 and the present, Delba Nunez gave Aquiles Nunez in excess of $23,000, while Noris Duran contributed approximately $7500. Delba Nunez also helped pay for various improvements to the Broad Street property and, for a time after the arrest of her husband, made mortgage payments.

Similarly, Aris Arias claims she gave Aquiles Nunez $4,000 she received in a personal injury lawsuit, which he also deposited into his personal bank account. All three petitioners claim an oral agreement with Aquiles Nunez by which their checks were to be pooled with the money of other relatives to purchase Broad Street and to make improvements to the property.

The record is devoid of any evidence suggesting that the specific funds which the petitioners gave to Aquiles Nunez are the same funds used to purchase Broad Street. Nevertheless, by virtue of the alleged oral agreement, the petitioners claim to have acquired an interest in Broad Street which is subject to protection under 21 U.S.C. § 853.

## II. Discussion

In relevant part, 21 U.S.C. § 853(n)(6) provides:

If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . .

the court shall amend the order of forfeiture in accordance with its determination.

■ The petitioners must prove by a preponderance of the evidence that they have a superior ownership interest in the property which they acquired with legitimate funds rather than with drug proceeds. *See United States v. Murphy*, 850 F.Supp. 981, 982 (M.D.Fla.1994); *United States v. Dean*, 835 F.Supp. 1383, 1395 (M.D.Fla.1993). Most courts have construed a "legal interest" under § 853(n)(6) as a vested, legally-protected right in the specific real or personal property subject to forfeiture. *See, e.g., United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1192 (D.C.Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995); *United States v. Campos*, 859 F.2d 1233, 1239 (6th Cir.1988); *but see U.S. v. Reckmeyer*, 836 F.2d 200, 205 (4th Cir.1987) (suggesting a general creditor can claim an interest under § 853).

■ The petitioners have failed to demonstrate by a preponderance of the evidence that they have a legal right, title or interest in the Broad Street property which was vested in them at the time of the commission of the acts which gave rise to the forfeiture. Absent recorded title or other persuasive documentation which reflects their partial ownership, the petitioners' unsupported assertions that their funds were used to purchase the subject property are insufficient to demonstrate a recoverable interest. *See United States v. Murphy*, 850 F.Supp. at 983 (discussing "innocent owner" defense).

Moreover, the petitioners have not proven by a preponderance of the evidence the existence of the oral agreement upon which they rely. Specifically, the Court finds the testimony of Delba and Noris Nunez incredible in

that they would have the Court believe that, for a substantial period of time, they gave all their money to Aquiles Nunez. If true, it is difficult to ascertain how they were able to provide for their other necessities. Viewed as a whole, the record more strongly suggests that Aquiles Nunez was cashing their paychecks in an attempt to conceal drug proceeds. *Cf. Decker v. United States,* 837 F.Supp. 1148, 1153 (M.D.Fla.1993) ("To show a superior interest, petitioners must show that these alleged mortgages are legitimate interests which were received for consideration and not sham transactions which had as their purpose concealment of drug proceeds.")

■ The petitioners also urge this Court to impose a trust on the Broad Street property. However, under Rhode Island law, "a mere general contribution toward the purchase price by itself will not establish such a resulting trust. There must be clear, full and convincing evidence that at the time of the conveyance it was the intention and understanding that the contributor was to have the beneficial ownership in the whole or in a definitive fractional part." *Cutroneo v. Cutroneo,* 81 R.I. 55, 59, 98 A.2d 921 (1953). The petitioners have not presented sufficient evidence to meet the high evidentiary standard for proving the existence of a resulting trust under Rhode Island law.

■ Delba Nunez claims her status as the common law wife of Aquiles Nunez entitles her to claim an interest in the Broad Street property under Rhode Island law. *See Souza v. O'Hara,* 121 R.I. 88, 395 A.2d 1060, 1062 (1978) (Rhode Island has long recognized common law marriages.) Unfortunately, she has provided no persuasive authority for her argument that Rhode Island law would recognize her claim under these circumstances. Rhode Island General Laws 15–5–16.1(a)(3) and (b) provide that, upon divorce, a spouse may receive a share of the other's estate, based on "the contribution of each of the parties in the acquisition, preservation, or appreciation in value of their respective estates" without necessarily showing joint ownership. However, this provision applies only to the assignment of property interests between husband and wife during divorce proceedings and, therefore, is inapplicable. *See United States v. One Parcel of Real Property,* 942 F.2d 74, 78 n. 3 (1st Cir.1991).

■ Furthermore, to prevail, the petitioners must demonstrate by a preponderance of the evidence that the subject property was purchased with their money. *See generally Decker v. United States,* 837 F.Supp. 1148 (M.D.Fla.1993). They cannot prevail merely by demonstrating that they gave Aquiles Nunez money; they must specifically trace their money to the Rhode Island property. *See United States v. Murphy,* 850 F.Supp. 981, 983 (M.D.Fla.1994). Here, the petitioners have produced evidence that they gave money to Aquiles Nunez. However, none has produced any evidence suggesting that Aquiles Nunez actually used her money to purchase Broad Street. This lack of evidence is fatal to their claims.

### Conclusion

The Amended Petitions Requesting Adjudication of Third Party Interest in Broad Street (papers 157, 158 and 159) are DENIED, the Government's Motion to Strike the third party claims (paper 141) is GRANTED, and the Request to Disqualify Petitioners' Counsel (also paper 141) is DENIED as moot.

SO ORDERED.