**UNITED STATES of America,
Plaintiff, Appellee,**

v.

**ONE LOT OF U.S. CURRENCY
($68,000), etc., Defendant,
Appellee.**

**Giovanni Castiello, Claimant, Appellant.**

No. 90–2073.

United States Court of Appeals,
First Circuit.

Heard Feb. 4, 1991.

Decided March 4, 1991.

Thomas J. Iovieno, with whom Robert W. Harrington, was on brief, Boston, Mass., for claimant, appellant.

Laurie J. Sartorio, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief, Boston, Mass., for the U.S.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and SELYA, Circuit Judge.

SELYA, Circuit Judge.

■ The United States brought an *in rem* complaint for forfeiture against certain property, viz., an automobile allegedly "used, or ... intended for use ... to transport, or ... facilitate the transportation" of cocaine, 21 U.S.C. § 881(a)(4), and $68,000 in cash, allegedly "intended to be furnished ... in exchange for a controlled substance...." *id.* § 881(a)(6). Appellant Giovanni Castiello filed a timely claim to the property in the form of an answer to the complaint. Thereafter, the government moved for summary judgment. Its motion was supported by the affidavit of Joseph W. Desmond, an agent of the federal Drug Enforcement Administration (DEA), and accompanied by a statement of undisputed facts (Statement) pursuant to D.Mass. Loc.R. 18.[1] The claimant filed an opposition to the motion but no affidavits or statement of disputed facts. The district

court, without elaborating its reasons, eventually allowed the motion.[2] Castiello appeals. We affirm.

## Background

■ The factual predicate on which this proceeding rests can be gleaned from the underlying criminal case. *See United States v. Castiello*, 915 F.2d 1 (1st Cir. 1990), *cert. denied*, — U.S. ——, 111 S.Ct. 787, 112 L.Ed.2d 849 (1991). Building on that foundation, the government urged that there were two independent bases for summary judgment: (1) the paperwork accompanying its motion and (2) the collateral estoppel effect of the drug trafficking conviction. A court of appeals is, of course, free to affirm a grant of summary judgment on any sufficient ground revealed by the record. *See Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 7 (1st Cir.1990); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir.1990). Because the moving papers were both ample to warrant *brevis* disposition and unopposed, we affirm on that ground, taking no view of the collateral estoppel argument.

## The Affidavit

The Desmond affidavit stated, among other things, that on Tuesday, November 15, 1988, a confidential informant alerted the DEA that Castiello was engaged in large-scale drug trafficking in the Boston area. The tipster said that Castiello wanted to purchase five to ten kilograms of cocaine without undue delay. Posing as "Joe," a cocaine supplier, Desmond telephoned Castiello the next day and arranged to meet him two days later at Logan Inter-

1. The rule provides in pertinent part:

 Motions for summary judgment shall include a concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.... Oppositions to motions for summary judgment shall include a concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.... Material facts set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the

 statement required to be served by opposing parties.
 D.Mass.Loc.R. 18.

2. Contrary to appellant's suggestion, a district court need not limn its reasons when granting or denying a motion for summary judgment, *see Domegan v. Fair*, 859 F.2d 1059, 1065–66 (1st Cir.1988); *see also* Fed.R.Civ.P. 52(a) ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56...."), especially where, as in this case, satisfactory reasons are "self-evident from the face of the record." *Domegan*, 859 F.2d at 1066.

national Airport. Once together, the two men drove in Castiello's car to a nearby restaurant. Castiello informed Desmond that he, Castiello, could sell roughly ten kilograms of cocaine per month, hinted that he needed a new source of supply, and quoted the price he was willing to pay ($17,000 per kilogram). Castiello also said that he had "about sixty grand to play with right now" and was interested in buying four kilograms of cocaine from Desmond for $68,000. The men agreed to talk again by telephone.

On November 22, in the course of two telephone conversations, Castiello told Desmond of his inability to amass the full amount of the agreed purchase price. Desmond said he would bring the four kilograms of cocaine the next morning, on Castiello's assurance that he would obtain the remainder of the funds by then. At approximately 10:00 a.m. on November 23, Castiello arrived at Logan and proceeded to the prearranged rendezvous. He was driving the same Lincoln Town Car that he had used on Friday, November 18. When Castiello disembarked, Desmond stated that he wanted to see the money before delivering the cocaine. Castiello then reentered his car, drove away, and returned with a shoe box containing $68,000 in mixed bills. The denouement followed. Castiello was arrested and, in short order, indicted, tried, and convicted.

### The Prima Facie Case

■ To obtain the civil forfeiture of property used in, or facilitative of, drug trafficking, the government need show no more than the existence of probable cause to believe that the property had the requisite nexus to a specified illegal purpose. *See, e.g., United States v. Parcel of Land, Etc. (28 Emery St.)*, 914 F.2d 1, 3 (1st Cir.1990); *United States v. Parcels of Real Property, Etc. (1933 Commonwealth Ave.)*, 913 F.2d 1, 3 (1st Cir.1990); *United States v. $250,000 in United States Currency*, 808 F.2d 895, 897 (1st Cir.1987). "Probable cause requires only a 'reasonable ground for belief ...' that the property is subject to forfeiture." *28 Emery St.*, 914 F.2d at 3 (quoting *$250,000*, 808 F.2d at

897). We think it evident that Desmond's affidavit, taken at face value, cleared this hurdle with consummate ease. The cash, after all, was to be used to pay for the drugs; and the car, which had already been utilized in the preliminary stages, was the obvious means of transporting the contraband, once acquired, from the rendezvous.

■ At that point, then, the burden shifted to the claimant to offer some factual basis for an ultimate finding "that the property was not used in violation of the statute or that it was so used without the owners' knowledge or consent." *Id.; see also United States v. Land at 5 Bell Rock Rd.*, 896 F.2d 605, 606 (1st Cir.1990). In meeting this challenge in the summary judgment context, the usual rule prevails: "[T]he nonmovant may not rest upon mere allegations in, say, an unverified complaint or lawyer's brief, but must produce evidence which would be admissible at trial to make out the requisite issue of material fact." *Kelly v. United States*, 924 F.2d 355, 357 (1st Cir.1991); *see also Garside*, 895 F.2d at 50; Fed.R.Civ.P. 56(e). Bare denials of the government's proof or disparagement of it, without more, will not deflect the swing of the summary judgment ax. *See 5 Bell Rock Rd.*, 896 F.2d at 610–11.

Here, there was no "more." The record contains not a single properly documented fact contradicting, or casting the slightest doubt upon, the recital made in the Desmond affidavit. Moreover, the Statement tracked the affidavit in all key respects— and appellant's failure to furnish a cross-statement had the legal effect of "admitt[ing]" the government's factual assertions. *See supra* note 1 (quoting D.Mass. Loc.R. 18).

We have warned that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence." *Kelly*, 924 F.2d at 358. So here. Unrebutted, the government's moving papers made out probable cause for forfeiture of the car and the cash, and provided a solid foundation

for the district court's grant of summary judgment.

### The Claimant's Rejoinder

■ In an effort to confess and avoid, appellant's counsel contends that he "was unable to properly prepare an affidavit [contradicting Desmond's version of the events] because of Castiello's unavailability." Appellant's Brief at 20. The argument does not wash.

Castiello was at F.C.I.–Danbury, easily accessible to his counsel, when the forfeiture action was brought and when he filed his claim. The United States moved for summary judgment on August 18, 1989. Castiello's attorneys promptly asked to extend the time "for filing responsive affidavits and opposition" to September 22, 1989. This extension was necessary, lead counsel wrote, because of a combination of his vacation plans and the possibility that Castiello was "perhaps in transit." The district court granted the request.

On September 22, the claimant's opposition was filed. Counsel did not move for a further enlargement, but mentioned (in two sentences within a four page opposition) that "[p]resently, Mr. Castiello is in transit from the Federal Correctional Institute in Danbury, Connecticut to a similar correction institute located in Michigan. As a result of this transfer, counsel is unable to locate Mr. Castiello in order to properly prepare his forfeiture defense." The district court, perhaps mindful of this rumination, waited patiently for over nine months.[3] No further filings were made on Castiello's behalf. On July 30, 1990, the court allowed the government's motion.

We think that, under these circumstances, appellant is in a peculiarly poor position to complain that he was unfairly deprived of an opportunity to embellish his side of the case. There are several reasons which contribute to this conclusion. We allude briefly to a few of them.

1. Appellant's counsel, aware that Castiello's move was in progress, told the court pointedly that he needed a longer time—until September 22—to put his best foot forward. The court, which gave counsel precisely the amount of time requested, "was entitled to rely on the implication that [the stated period] was enough." *Mendez v. Banco Popular*, 900 F.2d 4, 6 (1st Cir. 1990).

2. Appellant's counsel elected to file the opposition on September 22, 1989. He eschewed any request for a further extension. Once a strategic choice of this kind has been made, it seems fair to hold a party to it.

3. Fed.R.Civ.P. 56(f) comprises a procedural "escape hatch" for a party who genuinely needs more time to assemble favorable evidence so that he may confront a summary judgment motion.[4] *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir.1988); *Hebert v. Wicklund*, 744 F.2d 218, 221 (1st Cir.1984). The rule tells a litigant what to do when a motion for summary judgment looms and the litigant, for valid reasons, cannot document the facts necessary to support his opposition. With a suitable anodyne at hand, appellant cavalierly ignored it.

To be sure, even without a formal Rule 56(f) motion, a court may, in certain circumstances, find substantial compliance with the spirit, if not the letter, of the rule. *See Paterson–Leitch*, 840 F.2d at 988. But any such "alternative proffer must simulate the rule in important ways." *Id.* We have described the requirements for substantial compliance at some length, *id.* at 988–90,

---

3. Castiello was sentenced on August 16, 1989. He was transferred from Danbury at that time. The record is vague as to how long thereafter Castiello may have been in transit. It was suggested at oral argument before us that the period may have been as long as two to three months.

4. The rule provides:
   Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
   Fed.R.Civ.P. 56(f).

and Castiello's September 22 filing cannot satisfy them. The district court, therefore, was not required to stay its hand.

4. Whether or not Castiello was available to execute an affidavit, neither his presence nor his signature was needed to controvert the Statement (which, under Local Rule 18, is to be signed by the lawyer, not the client), thereby informing the trial judge which of the government's factual assertions were contested. These were presumably matters within counsel's ken.[5] Yet, no cross-statement was prepared. It should be obvious by now that parties and their counsel ignore the imperatives of court rules at their peril.

5. Perhaps most salient, the district court did not act in haste. It waited many months before proceeding to grant the government's motion. Taking the transfer time in the light most generous to appellant, *see supra* note 3, Castiello would have reached his home away from home by mid-November of 1989 at the latest. Nonetheless, claimant failed to file a counter-affidavit between that date and July 30, 1990 (when the court finally acted). Given the lengthy period of unexplained delay, the district court could appropriately have concluded that the facts were as the government portrayed them to be.[6] *See Micro-Sparc, Inc. v. Weinstock*, 758 F.2d 790, 792 (1st Cir.1985) (where eight months elapsed between motion for summary judgment and the district court's granting of the motion, the court could reasonably conclude, in the absence of affidavits or other filings adequate to show a genuine question of material fact, that there were no such facts at issue).

Any one of these reasons would likely be enough to sink the claimant's rejoinder. The convergence of all five reasons lays bare the inadequacy of the rejoinder, and hence, confirms the propriety of the lower court's action.

### The Personal Property

Appellant also argues that the decision below was incomplete. He tells us that the Lincoln Town Car, when seized, contained a portable telephone and various other items of personal property. In asserting his claim, Castiello says that he filed what he termed a "counterclaim" for the return of these articles; that the government's Rule 56 motion did not mention this point; that the district court likewise ignored it; and that the matter must therefore be remanded. We disagree.

By definition, a counterclaim is a turn-the-tables response directed by one party ("A") at another party ("B") in circumstances where "B" has earlier lodged a claim in the same proceeding against "A." A forfeiture action is *in rem*, not *in personam*. The property is the defendant. Since no civil claim was filed by the government against Castiello—indeed, rather than being dragooned into the case as a *defendant*, he intervened as a *claimant*—there was no "claim" to "counter." Thus, Castiello's self-styled counterclaim was a nullity, and the court below appropriately ignored it.[7] In any event, the warrant, monition, order of forfeiture, and judgment below did not expressly extend to personal property within the vehicle. Nor can they be read to reach the personalty by fair implication. *See United States v. One*

---

5. For example, Castiello's lead counsel had signed Castiello's claim, a pleading which flatly denied the averments in the Desmond affidavit and asserted that the government "lack[ed] probable cause" for forfeiture. He could only have done so "after reasonable inquiry" of his client. Fed.R.Civ.P. 11. Moreover, the same lawyer had also represented Castiello in the criminal case. Thus, counsel can fairly be presumed to have been on notice of Castiello's version of the events.

6. While perhaps supererogatory, we note that there has been no suitable showing of any meritorious claim or any cognizable defense to the forfeiture proceedings at any time. Castiello, to this date, has never filed (or sought leave to file)

a counter-affidavit. It is, moreover, crystal clear that Castiello had several available vehicles through which he could have asked the district court, at any time before entry of judgment, to accept late-filed affidavits. *See, e.g.,* Fed.R.Civ.P. 6(b) (addressing district court's power to enlarge time); D.Mass.Loc.R. 7.1(a) (discussing, *inter alia,* procedure for requesting additional time to respond to motions or to seek leave of court to file additional papers).

7. This is not a case where the claimant seeks the return of the same property which the government seeks to forfeit. In that situation, unlike here, it is at least arguable that the district court may have jurisdiction to entertain an attempt to

*1978 Mercedes Benz,* 711 F.2d 1297, 1304–05 (5th Cir.1983) (portable car telephone not considered a part of forfeited vehicle). Hence, the personal property claim had no place in this action and constituted no barrier to summary judgment.

For these reasons, we decline appellant's invitation to reopen the case or remand for further proceedings. The claimant remains entitled to seek restoration of the personal property, as he should have done originally, administratively, 19 U.S.C. § 1618, by a motion in the underlying criminal case, Fed.R.Crim.P. 41(e), or by bringing an independent civil action, *United States v. Wilson,* 540 F.2d 1100, 1104 (D.C.Cir.1976).

### Conclusion

We need go no further. The issues properly before us must all be resolved, as we have explained, in the government's favor. To the extent appellant attempts to raise, for the first time, issues which he neglected to raise below, we will not consider them. *See Clauson v. Smith,* 823 F.2d 660, 666 (1st Cir.1987).

Affirmed.

replevy the property within the contours of the government's forfeiture action. *See, e.g., United* *States v. Castro,* 883 F.2d 1018 (11th Cir.1989); *Goodman v. Lane,* 48 F.2d 32 (8th Cir.1931).