**UNITED STATES of America**

**v.**

**ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS POLES 4–5, BEAR HILL ROAD, CUMBERLAND, RHODE ISLAND.**

Civ. A. No. 90–0057L.

United States District Court, D. Rhode Island.

May 21, 1991.

Michael P. Iannotti, Asst. U.S. Atty., U.S. Attorney's Office, Providence, R.I., for plaintiff.

Robert Mann, Providence, R.I., for claimant M. Czarnecki.

John W. Dineen, Providence, R.I., for claimant D. Czarnecki.

James E. Purcell, Providence, R.I., for Bank of New England–Old Colony.

John E. Bulman, Providence, R.I., for RIHMFC.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

The United States initiated this action under 21 U.S.C. § 881(a)(7) seeking the forfeiture of certain real property located on Bear Hill Road in Cumberland, Rhode Island. On January 6, 1990, the record owner of the property, Michael J. Czarnecki, was arrested on the property and charged with violating federal drug statutes. Five days later, Drug Enforcement Administration (DEA) agents seized the property pursuant to a federal seizure warrant. After the government filed the instant complaint for forfeiture, both Czarnecki and his wife Donna filed claims of interest to the property.

Presently before the Court is the government's motion for summary judgment with respect to the claim of Michael Czarnecki. Also before the Court is the government's motion to dismiss the claim of Donna Czarnecki. Alternatively, the government moves for summary judgment on her claim. For the reasons set forth below, the Court grants both of the government's motions for summary judgment.

## I. *Michael Czarnecki's Claim*

### A. Facts

Special Agent Anthony J. Roberto, Jr. of the DEA provides the following information in his affidavit.

I have been informed by Providence Police Officer Henry Roy that he has been in contact with a confidential and reliable informant, who states that at least since 1983, Michael Czarnecki along with Paul Lamoureux and Edmund A. Proux have been involved in the importation and distribution of large quantities of [marijuana] and that during 1983, Michael Czarnecki was selling marijuana in ten pound quantities....

Officer Roy has further informed me that on January 6, 1990, agents of the DEA, as well as police officers from the Providence and Woonsocket police departments, followed a red pick-up truck from the home of Leopold DeMarco at 945 Scituate Avenue in Cranston to Green Airport in Warwick, Rhode Island and then to the home of Michael J. Czarnecki.... Upon arriving at [the] Czarnecki home, the truck proceeded into the garage and Michael J. Czarnecki, Leopold DeMarco, Paul J. Lamoureux and Edmund A. Proux, were arrested in the driveway. At the time of his arrest, Proux stated that he was at the premises to unload marijuana which was inside the truck....

... Inside a hidden compartment of the truck, which was inside the garage, agents discovered over 400 pounds of marijuana. Inside the house, agents discovered approximately $33,000 in U.S. currency as well as a triple beam scale, plastic bags, and tape.

Along with Roberto's affidavit, the government has filed a statement of undisputed facts pursuant to Local Rule 12.1. That statement submits that the following facts are undisputed:

1. That on January 6, 1990, DEA agents discovered 400 pounds of marijuana inside a hidden compartment of a truck parked inside a garage of the defendant real property pursuant to the execution of a federal search warrant.

2. That on January 6, 1990, pursuant to the execution of a federal search warrant, DEA agents also discovered $33,000.00 in U.S. currency, a triple beam scale, plastic bags, and tape inside the house on the defendant real property.

3. That on January 11, 1990, the defendant real property was seized by DEA agents pursuant to the execution of a federal seizure warrant.

4. That on November 27, 1990, the claimant, Michael J. Czarnecki, pleaded guilty to possession with intent to distrib-

ute in excess of 100 kilograms of marijuana, the same marijuana referred to in paragraph one.

Claimant Michael Czarnecki has not filed any affidavits. Furthermore, his statement of undisputed facts contains no facts, only two legal questions.[1] The other documents submitted by Czarnecki in opposition to the government's motion also are devoid of factual allegations.[2] Thus, the only version of the facts is that presented by the government.

### B. Discussion

■ The standard for ruling on a motion for summary judgment is set out in Rule 56 of the Federal Rules of Civil Procedure. A summary judgment motion should be granted when there exists "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.

The facts in this matter are not in dispute. As noted above, Special Agent Roberto's affidavit and the government's statement of undisputed facts are the only facts before the Court. Michael Czarnecki has not provided the Court with any affidavits nor with a statement of undisputed *facts*. Instead, his efforts have been directed at pointing at the alleged legal infirmities of the government's case. Yet, it is clear that "[b]are denials of the government's proof or disparagement of it, without more, will not deflect the swing of the summary judgment ax." *United States v. One Lot of United States Currency ($68,-000)*, 927 F.2d 30, 32 (1st Cir.1991). Michael Czarnecki has not produced "more." *Id.* In addition, the absence of facts in his statement has the "legal effect of 'ad-

mitt[ing]' the government's factual assertions." *Id.* (citation omitted); *see* D.R.I. Loc.R. 12.1(d).

Although no factual dispute exists, summary judgment will not be awarded unless the moving party is entitled to judgment as a matter of law. To succeed on a forfeiture action, "the government must initially show probable cause to believe that the property was connected with illegal drug transactions." *United States v. $250,000 in United States Currency*, 808 F.2d 895, 897 (1st Cir.1987). This connection must be more than merely incidental. The First Circuit requires that there be a " 'substantial connection' between the property forfeited and the drug activity." *United States v. Parcel of Land & Residence at 28 Emery St.*, 914 F.2d 1, 3–4 (1st Cir. 1990).

To establish probable cause to forfeit, "the government need only show a 'reasonable ground for belief of guilt; supported by less than prima facie proof but more than mere suspicion.'" *$250,000 in United States Currency*, 808 F.2d at 897 (citation omitted). Once the government has shown probable cause, "the private claimant bears the burden of proving by a preponderance of the evidence that the property was not involved in illegal drug transactions." *Id.*

In this case, the affidavit of Special Agent Roberto is sufficient to establish probable cause that the defendant property was substantially connected to drug trafficking. The pick-up truck, with its hidden compartment containing 400 pounds of marijuana, was followed to the defendant property, where it was parked inside a garage attached to the house. Tools of the drug trade were found inside the house: plastic bags, tape, a triple beam scale, and a large amount of cash. Finally, a cohort

---

**1.** Michael Czarnecki's statement of undisputed facts consists of the following: "1. Is there a substantial connection between the property sought to be forfeited and the drug activity in question? 2. Should the evidence seized by the government including the truck, the marijuana, and the materials inside the subject home, be suppressed?"

**2.** These documents include counsel's memorandum, the indictment and judgment of conviction in Michael Czarnecki's criminal proceeding, and memoranda and a transcript from hearings held on Czarnecki's motion to suppress evidence in that case. Even in that suppression hearing, Michael Czarnecki chose not to put any witnesses on the stand, opting instead only to cross examine the government's witnesses.

admitted that he was at the house to unload the secreted marijuana. These facts are sufficient to establish a "reasonable ground for belief of guilt." *Parcel of Land & Residence at 28 Emery St.*, 914 F.2d at 3.. Furthermore, Roberto's affidavit satisfies the requirement that a substantial connection must exist between the defendant property and drug trafficking. *See, e.g., United States v. One Parcel of Real Property*, 900 F.2d 470, 474 (1st Cir. 1990). Thus, the government has established probable cause. This conclusion is further supported by Michael Czarnecki's plea of guilty to the charge of possession of marijuana with intent to distribute. That charge was based on the same underlying facts as set forth in this forfeiture proceeding.

Michael Czarnecki, by failing to present facts, has not met his burden to overcome the government's showing of probable cause. The First Circuit requires claimants in Czarnecki's position "to offer some factual basis for an ultimate finding 'that the property was not used in violation of the statute or that it was so used without the owners' knowledge or consent.'" *One Lot of United States Currency ($68,000)*, 927 F.2d at 32 (citation omitted). Czarnecki has not made such an offering. Therefore, the government's motion for summary judgment as to Michael Czarnecki's claim must be granted.

## II. *Donna Czarnecki's Claim*

The government argues that Donna Czarnecki lacks a legal or equitable interest in the property. The government contends that the absence of such an interest mandates the dismissal of her claim on standing grounds or, in the alternative, requires entry of summary judgment in its favor. Because the parties have supplied extra-pleading material, it is appropriate to analyze the government's motion on summary judgment grounds.

 Any person who alleges a sufficient claim of interest to defendant property has standing to challenge a forfeiture. Merely alleging an interest is not enough; the claimed interest must be sufficient.

*See, e.g., United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1440 (11th Cir.1984).

Here, Donna Czarnecki has claimed an equitable interest in the property. If that interest is deemed sufficient, she would incur the burden of proving that the property was not used for drug transactions, or that she did not consent or know of that use. If her alleged equitable interest is not sufficient, there is no reason to conduct a hearing on her claim.

A sufficient interest can be either legal or equitable in nature. Donna Czarnecki admits that she has no legal interest whatsoever in the defendant property. Indeed, the property was conveyed to Michael Czarnecki, the sole owner of record, in 1979. Donna Czarnecki alleges that her equitable interest in the property dates back to 1985, the year she married the co-claimant. She claims that her alleged equitable interest arises from her residence in the house on the property, and her financial contributions over a five-year period to the expenses of the property. These contributions included payment of mortgage installments, taxes, insurance, and upkeep and improvement costs. Clearly, such payments do not give rise to an equitable interest in the property under Rhode Island law. *See, e.g., Roseman v. Sutter*, 735 F.Supp. 461 (D.R.I.1990) (discussing the requirements necessary to establish the existence of an equitable interest by virtue of a constructive or resulting trust).

Donna Czarnecki also contends that she and her husband had an ongoing agreement that the property was held jointly. As evidence, she has presented a notarized statement in which the couple refers to the property as "our property." The statement, notarized on May 2, 1989 by Barbara Czarnecki, is of absolutely no consequence. It does not create a legally recognizable equitable interest in the property.

Donna Czarnecki also argues that her equitable interest arises under Section 15–5–16.1 of the General Laws of Rhode Island. Section 15–5–16.1 governs equitable distribution of marital assets. It is applicable only in an action by a court "pursuant

to a complaint of divorce." R.I.Gen.Laws § 15–5–16.1. It clearly has no application to the instant forfeiture action.

Because it is obvious that Donna Czarnecki does not have legal or equitable ownership interest in the property, the government's motion for summary judgment on her claim must be granted. *See United States v. One Rural Lot,* 739 F.Supp. 74, 78 (D.P.R.1990). No genuine issue of material fact exists and the government is entitled to judgment as a matter of law.

### III. *Conclusion*

For the reasons set forth above, the Court grants the government's motion for summary judgment as to the claim of Michael Czarnecki and also grants the government's motion for summary judgment as to the claim of Donna Czarnecki. *It is so Ordered.*