958 F.2d 1
 22 Fed.R.Serv.3d 541
 UNITED STATES of America, Plaintiff, Appellee,
v.
PARCEL OF LAND AND RESIDENCE AT 18 OAKWOOD STREET,
DORCHESTER, MASSACHUSETTS, Defendant, Appellant,
William Cooper, Claimant, Appellant.
UNITED STATES of America, Plaintiff, Appellee,
v.
PARCEL OF LAND AND RESIDENCE AT 18 OAKWOOD STREET,
DORCHESTER, MASSACHUSETTS, Defendant, Appellant,
William Cooper, Claimant, Appellant.
 Nos. 91-1967, 91-1968.
 United States Court of Appeals,
First Circuit.
 Heard Jan. 9, 1992.
Decided Feb. 21, 1992.
 
 Roxana Marchosky, Cambridge, Mass., for defendant, appellant.
 Christopher F. Bator, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for plaintiff, appellee.
 Before CAMPBELL and BOWNES, Senior Circuit Judges, and CYR, Circuit Judge.
 CYR, Circuit Judge.
 
 
 1
 Appellant William Cooper, record owner and claimant of the real property located at 18 Oakwood Street, Dorchester, Massachusetts, appeals a grant of summary judgment directing civil forfeiture of the defendant property to the United States.[1] Cooper also appeals the denial of his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). We affirm.
 
 
 2
 * BACKGROUND
 
 
 3
 The United States filed its forfeiture complaint against the property at 18 Oakwood Street in October 1990 and supported it with the sworn affidavits of Task Force Agent Aaron Gross of the United States Drug Enforcement Administration and Detective Charles Johnson and Deputy Superintendent Arthur Morgan, Jr., both of the Boston Police Department. The affidavits state that between April 1985 and July 1989, 18 Oakwood Street was the site of more than twenty-nine drug-related arrests.[2] Among those arrested were Mary Williams, allegedly the common law wife of William Cooper, and Ronald and Barbara Williams, the adult children of Mary Williams and William Cooper.[3] The affidavits further attest that William Cooper was present during a search of an apartment at 18 Oakwood Street which disclosed marijuana and led to the arrest of Mary Williams for possession of marijuana with intent to distribute. The affidavits assert that on more than one occasion officers observed William Cooper acting as a "lookout" from the porch, while drug transactions were conducted at the property.
 
 
 4
 William Cooper made a general denial of the government's allegations, contended that he was an "innocent owner" of the defendant property, and urged dismissal of the forfeiture complaint due to "government lassitude" because the most recent allegations of drug activity at the property predated the commencement of the action by more than a year. The motion for summary judgment was granted, based on what the district court found to be "ample evidence" and the failure of claimant Cooper to establish an adequate defense. The district court subsequently denied Cooper's rule 60(b) motion to vacate the judgment of forfeiture.
 
 II
 DISCUSSION
 A. Forfeiture Action
 
 5
 At the outset of a civil forfeiture action under 21 U.S.C. § 881(a)(7), the government must establish probable cause to believe that the defendant property was used to facilitate a drug crime, United States v. Parcel of Land & Residence at 28 Emery St., 914 F.2d 1, 3 (1st Cir.1990); United States v. Parcels of Real Property, etc., 913 F.2d 1, 3 (1st Cir.1990). By this we mean there must be sufficient evidence to form a "reasonable ground for belief," id. at 3; United States v. One Lot of U.S. Currency, 927 F.2d 30, 32 (1st Cir.1991), that the defendant property was "connected with illegal drug activity," United States v. One Parcel of Real Property, 921 F.2d 370, 375 (1st Cir.1990). Once the government makes the required "probable cause" showing, the burden shifts to the claimant to prove by a preponderance of the evidence that the defendant property was not used in violation of the statute or that it was so used without the claimant's knowledge or consent. One Lot of U.S. Currency, 927 F.2d at 32; 28 Emery St., 914 F.2d at 3. See also supra note 1. Our plenary appellate review of a grant of summary judgment considers all competent record evidence, see Fed.R.Civ.P. 56(e), and the reasonable inferences therefrom, in the light most favorable to the nonmovant. See, e.g., Siegal v. American Honda Motor Co., 921 F.2d 15, 17 (1st Cir.1990).
 
 
 6
 Cooper first contends that the affidavit of DEA Agent Gross, which was based on information from Detective Johnson and Deputy Superintendent Morgan, contains unreliable hearsay that could provide no support for the government's showing of probable cause. We disagree. "It is well established that '[h]earsay may contribute to probable cause for issuance of a [forfeiture] warrant, if there is substantial basis for crediting the hearsay.' " Parcels of Real Property, etc., 913 F.2d at 3 (quoting United States v. One 1974 Porsche 911-S Vehicle, 682 F.2d 283, 285 (1st Cir.1982)). The reliability of the Gross affidavit was substantiated by its supporting documentation pertaining to extensive illegal drug activity at 18 Oakwood Street and by the accompanying affidavits of Johnson and Morgan, attesting to the accuracy of the representations made in the Gross affidavit concerning events about which Johnson and Morgan had direct personal knowledge. The Gross affidavit contained competent and reliable evidence which the district court was entitled to consider.
 
 
 7
 Second, Cooper contends that the information presented by the government was "stale," since all the alleged drug activity took place more than a year prior to the forfeiture action. Cooper neither indicates how the timing of the commencement of the forfeiture action adversely affected the reliability of any evidence adduced by the government, nor does he allege any other prejudice. Absent some showing of prejudice, we do not think Cooper is entitled to a carte blanche exclusion of competent evidence in an action commenced well within the five-year limitations period. See 19 U.S.C. § 1621 & 28 U.S.C. § 2402 (prescribing five-year limitation period for civil forfeiture actions); see also United States v. Land and Bldg. at 2 Burditt St., 924 F.2d 383, 385 (1st Cir.1991) (§ 881 forfeitures are subject to five-year statute of limitations prescribed by these sections).
 
 
 8
 Cooper contends, in the alternative, that he is an "innocent owner" and that the defendant property therefore is not subject to forfeiture. See 21 U.S.C. § 881(a)(7). The burden of proving the defense of innocent ownership rests with the claimant. See United States v. 1980 Red Ferrari, 827 F.2d 477, 478 (9th Cir.1987); United States v. $4,255,625.39, 762 F.2d 895, 906-907 (11th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986). Accordingly, once the government demonstrated probable cause, it became Cooper's responsibility to raise a genuine issue as to whether or not the defendant property had been used in violation of the forfeiture statute or without Cooper's knowledge or consent. One Lot of U.S. Currency, 927 F.2d at 32 (citing 28 Emery St., 914 F.2d at 3). General denials do not suffice to defeat a motion for summary judgment in a civil forfeiture action. Id.; United States v. 5 Bell Rock Rd., 896 F.2d 605, 610, 611 (1st Cir.1990). As in any other summary judgment proceeding, Cooper was not entitled to "rest upon mere allegations in, say, an unverified complaint or lawyer's brief, but [was required to] produce evidence which would be admissible at trial to make out the requisite issue of material fact." One Lot of U.S. Currency, 927 F.2d at 32 (quoting Kelly v. United States, 924 F.2d 355, 357 (1st Cir.1991)).
 
 
 9
 The initial opposition to the motion for summary judgment included no affidavits,[4] only a general denial of some allegations in the forfeiture complaint and a weasel-worded challenge to the thrust of the detailed affidavits supporting the forfeiture complaint. Moreover, Cooper failed to furnish the required cross-statement of facts, see D.Mass.R. 56.1 ("Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried.... Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by the opposing parties.") (emphasis added); see also One Lot of U.S. Currency, 927 F.2d at 32. Thus, Cooper's unexcused omissions had "the legal effect of 'admitt[ing]' the government's factual assertions." Id.
 
 B. Rule 60(b) Motion
 
 10
 Cooper appeals the district court's denial of postjudgment relief: under Fed.R.Civ.P. 60(b)(3), based on an allegation that the government perpetrated "fraud on the court"; under rule 60(b)(6), based on the contention that certain misstatements by the government warranted relief from judgment; and under rule 60(b)(1), based on allegations of mistake, inadvertence or excusable neglect on the part of Cooper's previous counsel. We review a district court's denial of postjudgment relief under rule 60(b) only for abuse of discretion. See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir.1992); Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir.1989).
 
 
 11
 Cooper cannot obtain postjudgment relief based on allegations of "fraud on the court," unless he has "demonstrated, clearly and convincingly, that [the government] has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). Cooper maintains that the government deliberately submitted false affidavits for the purpose of deceiving the court.
 
 
 12
 A careful review of the record reveals two misstatements in the Gross affidavit submitted by the government; one inconsequential and the other immaterial. First, the affidavit asserts that $50,000 was seized during a particular drug-related arrest at 18 Oakwood Street, whereas in fact, as the government concedes, only $611.00 was seized. While the monetary discrepancy is large, Cooper made no showing that it was of any consequence to the establishment of probable cause.[5] Second, the affidavit states that Cooper transferred the defendant property at 18 Oakwood Street to Mary Williams for one dollar. The government's motion for summary judgment, on the other hand, as well as the exhibit attached to the Gross affidavit, both reflected that the property Cooper conveyed to Williams was located at 16 Oakwood Street. Once again, Cooper did not demonstrate that the apparent typographical misidentification of the premises transferred to Mary Williams was in any way material to the sufficiency of the showing of probable cause for the forfeiture of the defendant property. Cooper's contention that the misstatements were somehow tantamount to "fraud on the court," see Aoude, 892 F.2d at 1118, or constituted "extraordinary circumstances" warranting relief under rule 60(b)(6), United States v. Parcel of Land at 5 Sylvan Road, 928 F.2d 1, 6 (1st Cir.1991); United States v. Baus, 834 F.2d 1114, 1123 (1st Cir.1987), is far-fetched.
 
 
 13
 Finally, Cooper contends that he was entitled to relief from judgment because his previous attorney failed to discover the above-mentioned misstatements in the government's submissions and initially filed an unsworn affidavit in opposition to the motion for summary judgment.[6] See Fed.R.Civ.P. 60(b)(1). But for counsel's alleged neglect, says Cooper, the affidavit would have been under oath, but cf. supra note 6, and the misstatements in the Gross affidavit could have been pointed out to the district court.
 
 
 14
 Cooper cannot obtain postjudgment relief under rule 60(b)(1) without making the required threshold demonstration that there was "good reason" for excusing counsel's alleged oversights. See, e.g., United States v. One Lot of $25,721 in Currency, 938 F.2d 1417, 1421 (1st Cir.1991). At least absent unusual circumstances not present here, the client must bear the onus of any unexcused neglect on the part of counsel. See id. at 1422 (client must "suffer the attorney's sins") (citing cases). Moreover, postjudgment relief will not be allowed under rule 60(b)(1) unless the litigant makes the ultimate demonstration that vacation of the judgment "will not be an empty exercise." Superline Transp., 953 F.2d at 20 (citing cases). Cooper utterly failed to show the district court, or us, that the alleged oversights were material either to the government's otherwise sufficient demonstration of probable cause or to Cooper's nonetheless deficient defense of innocent ownership. The district court properly denied the motion for postjudgment relief.
 
 
 15
 Affirmed.
 
 
 
 [1]
 The forfeiture complaint alleged that
 the defendant property was used and/or intended to be used to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846, in that, it was used ... to unlawfully store, possess with intent to distribute and distribute marijuana, a controlled substance, and to facilitate such storage, possession and distribution.
 Section 881(a)(7) provides in relevant part that:
 The following shall be subject to forfeiture to the United States and no property right shall exist in them: ... (7) All real property, including any right, title and interest ... in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 21 U.S.C. § 881(a)(7).
 
 
 [2]
 Some of the arrests were said to have occurred on the defendant property; others "directly in front of 18 Oakwood St."
 
 
 [3]
 Cooper denies any alleged common law marital relationship with Mary Williams. The government presented documentary evidence that Mary Williams had identified Cooper to the police as her husband and that Cooper identified Williams as his wife on hospital registration forms. Cooper and Williams both reside at 18 Oakwood Street. Their particular legal relationship would not appear especially significant in the circumstances
 
 
 [4]
 The document initially submitted in opposition to the motion for summary judgment, entitled "Affidavit of William Cooper," was neither under oath nor affirmed. Moreover, in most all respects the so-called affidavit failed to demonstrate Cooper's competence to testify to the matters asserted. See Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.")
 
 
 [5]
 During the same arrest, the police seized, along with the $611.00, a quantity of marijuana, drug paraphernalia, and a gun
 
 
 [6]
 Whether or not the district court initially considered Cooper's unsworn statement when it granted the motion for summary judgment, the motion for reconsideration was denied on its merits notwithstanding that it was supported by a sworn copy of the same statement